EXHIBIT A

FILED
11th JUDICIAL DISTRICT COURT
San Juan County
6/23/2025 2:47 PM
JODIE SCHWEBEL
CLERK OF THE COURT
Brielle Bedonie

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT COURT

CYNTHIA LUCERO,

Plaintiff,

v. CASE NO:
D-1116-CV-2025-00859

WALMART, Inc.; WALMART ASSOCIATES INC.,
WALMART STORE No. 3428,
and John Does 1 through 10.

Defendants.

**COMPLAINT FOR PERSONAL INJURY**

Plaintiff, Cynthia Lucero by and through their attorney of record, Hudson Injury Law and for their Complaint for Damages for Personal Injury, states as follows:

1. Plaintiff Cynthia Lucero is, and at all relevant times was, a resident of Arizona.
2. Upon information and belief, Defendants Walmart Inc., and Walmart Associates Inc. (collectively "Walmart") own and operate the premises located Store No. 3428 at 1400 W Main St, Farmington, NM, 87401, in Farmington, New Mexico.
3. Defendants John Does 1 through 10 are individuals or corporations whose identities are unknown at the time, but may have liability to Plaintiff for her injuries and damages.
4. The incident giving rise to this Complaint occurred on or about January 20, 2023, at the above-described location.
5. Jurisdiction and venue are proper in this Court.

6. On the date of the incident, Plaintiff was lawfully present at the subject premises as a business invitee.
7. Plaintiff was present through work as an employee of a supplier to deliver items to Walmart.
8. At that time and place, Plaintiff encountered a dangerous and hazardous condition on Defendant's premises—namely, ice and frozen weather accumulation on the dock that was not open and obvious to a reasonable person.
9. Defendants knew or in the exercise of reasonable care should have known of the dangerous condition and failed to remedy it or warn Plaintiff and other patrons.
10. Based on information and belief, Defendants made no efforts to address or pre-treat for snow and ice, creating a trip hazard and dangerous conditions for Defendants' patrons, invitees, and visitors.
11. Defendants put up no signs to warn of the dangerous conditions.
12. Defendants had a duty to use ordinary care to maintain and to keep its facility and premises in a reasonably safe manner, to warn of any and all dangerous conditions of which it knew or in the exercise of reasonable care should have known, and to provide safe conditions and surfaces for customers at its facility.
13. Defendants knew or in the exercise of reasonable care should have known of the dangerous condition and failed to remedy it or warn Plaintiff and other patrons.
14. As a direct and proximate result of encountering the hazard, Plaintiff slipped/tripped and fell, suffering significant injuries and damages.

15. Plaintiff sustained injuries during the slip/trip and fall at Defendants' facilities on January 20, 2023, because of the dangerous condition at Defendants' facility.

16. Following the January 20, 2023, fall, Plaintiff suffered the following damages, including but not limited to past and future medical expenses, past and future pain and suffering, loss of household services, disfigurement, loss of earning capacity, lost economic opportunity, and loss of enjoyment of life, in an amount to be proven at trial.

**COUNT I – NEGLIGENCE**

17. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

18. Defendants owed a duty of ordinary care to Plaintiff and all lawful visitors to maintain its premises in a reasonably safe condition and to warn of dangerous conditions not readily apparent.

19. Defendants knew or, in the exercise of reasonable care, should have known of the dangerous condition and failed to remedy it or warn Plaintiff and other patrons.

20. Defendants breached this duty by failing to inspect, repair, or provide warnings regarding the unsafe condition that caused Plaintiff's injuries.

21. Defendant Walmart negligently:

    a. Allowed a Business invitee to come into contact with a dangerous condition when Defendants knew, or in the exercise of reasonable care, should have known, that it created an unreasonable risk of harm;

    b. Failed to warn Plaintiff of the danger present by failing to address the weather accumulation at the docks.

c. Failed to exercise reasonable care to protect and or warn Plaintiff against a foreseeable danger;

d. Failed to take any efforts to clear snow for those delivering goods to Defendant's location.

e. Failed to exercise reasonable care to abate the dangerous condition; and

f. Failed to otherwise exercise due care with respect to matters alleged in this Complaint.

22. Defendants John Does 1-10 as employees assigned to maintain and inspect the premises, including the inspection of the condition of the docks and maintenance of the store, negligently:

a. Allowed a business invitee to come into contact with a dangerous condition when Defendant knew, or in the exercise of reasonable care, should have known, that it created an unreasonable risk of harm;

b. Failed to exercise reasonable care to protect and/or warn Plaintiff against a foreseeable danger;

c. Failed to exercise reasonable care to abate the dangerous condition; and,

d. Failed to otherwise exercise due care with respect to the matters alleged in this Complaint.

e. Defendant's actions constitute negligence.

23. Defendants refused to take the necessary actions to prevent the dangerous condition.

24. Defendants breached their respective duties of care by failing to use ordinary care to keep their premises safe for use by Plaintiff and other lawful invitees.

25. Defendants' negligence was the direct and proximate cause of Plaintiff's injuries and resulting damages, and includes one or more of the following acts or omissions: failure to provide adequate warning or safeguards; failure to inspect the premises for hazardous and dangerous conditions; failure to remove the dangerous condition; and/or failure to discover and correct the condition that caused Plaintiff to slip and fall.

26. Defendants are liable for the negligence of their agents or employees under the doctrine of *respondeat superior* as they were acting within the course and scope of employment.

27. Defendant's negligence includes one or more of the following omissions: failing to provide adequate warning or safeguards; failing to inspect the premises for hazardous and dangerous conditions; failing to remove the dangerous condition; or failing to make efforts to prevent or discover the condition that injured Plaintiff.

28. Plaintiff's injuries are a direct and proximate result of Defendants above noted negligence, which injured Plaintiff.

29. Defendants' actions and inactions show that their conduct was reckless, willful, and wanton in creating or preventing a dangerous condition and hazard for Defendants' invitees, including Plaintiff.

30. Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

## COUNT II – RES IPSA LOQUITUR

31. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

32. The condition causing Plaintiff's fall was under the exclusive control of Defendants and does not ordinarily occur in the absence of negligence.

33. Plaintiff did not contribute to the hazardous condition and was using the premises in a foreseeable and reasonable manner.

34. No one other than Defendants had responsibility to keep that area safe as it was under Defendant's exclusive control.

35. The doctrine of *res ipsa loquitur* applies, and negligence on the part of Defendants is presumed.

36. As a direct and proximate result of Defendant's negligence per se, Plaintiffs have suffered damages as enumerated above.

## COUNT III – PREMISES LIABILITY

37. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

38. Defendants Walmart Inc., Walmart Associates Inc., and John Does 1–10, as occupiers and controllers of the premises located at Store No. 3428 at 1400 W Main St, Farmington, NM, owed a duty to Plaintiff and other business invitees to maintain the premises in a safe and reasonable condition.

39. At the time of the incident, Defendants knew or in the exercise of reasonable care should have known of the dangerous condition—namely, ice and snow accumulation on the delivery dock—that was not open or obvious and posed a serious risk of harm.

40. Defendants failed to take reasonable steps to inspect, maintain, and remediate this hazardous condition, or to warn of its presence.

41. Defendants had actual and/or constructive notice of the hazardous condition and failed to act in a reasonably prudent manner to prevent injury to invitees, including Plaintiff.

42. As a direct and proximate result of Defendants' failure to maintain their premises in a safe condition, Plaintiff sustained serious physical injuries and damages as previously described.

**COUNT IV – NEGLIGENT TRAINING/HIRING/SUPERVISION**

43. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

44. Defendants Walmart Inc. and Walmart Associates Inc. had a duty to properly hire, train, supervise, and manage their employees, agents, and contractors responsible for the inspection, maintenance, and safety of the store premises, including the delivery dock.

45. Defendants breached this duty by failing to provide appropriate training on safe practices during inclement weather, failing to implement reasonable protocols for snow and ice removal, and failing to supervise personnel responsible for maintaining a safe environment.

46. On information and belief, employees or agents under Defendants' supervision failed to properly inspect or treat the dock area prior to Plaintiff's arrival, despite foreseeable risks posed by winter weather.

47. Defendants' failure to train or supervise staff and contractors directly and proximately caused Plaintiff's injuries.

48. As a result, Plaintiff suffered and continues to suffer damages including, but not limited to, physical pain, emotional distress, medical expenses, and lost income.

**DAMAGES**

49. As a direct, proximate and foreseeable result of the Defendant's actions Plaintiff injured and suffered damages, including but not limited to past and future medical expenses, past and future pain and suffering, loss of household services, disfigurement, lost wages, lost economic opportunity, and loss of enjoyment of life, in an amount to be proven at trial.

50. Plaintiff prays that this Court find for her and against the Defendant and enter a judgment in favor of Plaintiff for the following relief:

A. Damages in an amount sufficient to compensate Plaintiff Cynthia Lucero for her past medical losses and for physical and mental pain and suffering;

B. Damages in an amount that will compensate Plaintiff Cynthia Lucero for her lost wages, lost economic wages, loss of household services, and loss of enjoyment of life caused by the subject incidents;

C. Damages in an amount that will compensate Plaintiff for future losses, including incidental and consequential damages;

D. Punitive Damages;

E. Plaintiff's Reasonable costs incurred in this action;

F. Pre-judgement and post-judgment interest at the statutory rate per annum or as the Court in its discretion may award; and

G. For all such other and further relief as this Court may deem judge and proper.

Respectfully submitted,

HUDSON INJURY LAW

Damon J. Hudson
7 Avenida Vista Grande, Ste B7, PMB 265,
Santa Fe, NM, 87508
505-416-4150
damon@hudsoninjurylaw.com

FILED
11th JUDICIAL DISTRICT COURT
San Juan County
6/23/2025 2:47 PM
JODIE SCHWEBEL
CLERK OF THE COURT
Brielle Bedonie

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT COURT

CYNTHIA LUCERO,

Plaintiff,

v. CASE NO:

D-1116-CV-2025-00859

WALMART, Inc., WALMART ASSOCIATES INC.,
WALMART STORE No. 3428,
and John Does 1 through 10.

Defendants.

**PLAINTIFF'S 6-PERSON JURY DEMAND**

Plaintiff here demands a jury of six (6) and deposits One Hundred Fifty Dollars ($150.00) with the Court.

Respectfully submitted,

HUDSON INJURY LAW

Damon J. Hudson
7 Avenida Vista Grande, Ste B7, PMB 265,
Santa Fe, NM, 87508
505-416-4150
Bar # 151731
damon@hudsoninjurylaw.com
*Attorneys for Plaintiff*