IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CYNTHIA LUCERO,
     Plaintiff,

     v.                                                     No. 25-cv-00870

WALMART, INC., WALMART
ASSOCIATES, INC., WALMART
STORE NO. 3428, AND JOHN DOES 1-10,
     Defendants.

### ORDER REGARDING
### PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PRODUCE
### ADEQUATELY PREPARED RULE 30(b)(6) DESIGNEE

Before the Court is *Plaintiff's Motion to Compel Defendants to Produce Adequately Prepared Rule 30(b)(6) Designee*. Doc. 62. Plaintiff seeks an order compelling Defendants "to produce a supplemental corporate representative to testify on noticed Rule 30(b)(6) deposition topics on which Defendant's designee was inadequately prepared." Doc. 62 at 1. The motion is fully briefed. Having carefully considered the motion, the Court determines that Plaintiff's motion to compel should be **GRANTED IN PART** and **DENIED IN PART.**

### BACKGROUND

In this slip and fall case, Plaintiff sought to depose Defendant's corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6). In preparation for the 30(b)(6) deposition, Plaintiff provided defense counsel with a list of topics that would form the basis of her questions. *See* Doc. 68-1 at 1-8 (*Plaintiff's Notice of Rule 30(b)(6) Deposition and Designation of Matters for Examination*, listing 13 topics and sub-topics). Defendants objected to Plaintiff's list of topics, Doc. 68-2 at 1-10, and Plaintiff agreed to narrow some of those topics. Doc. 68 at 2.

1

Pursuant to this conferral, and without further objection by Defendants or request for Court intervention, on March 9, 2026, Plaintiff deposed Defendant Walmart's designated corporate representative.  Plaintiff now complains that the corporate designee, Ms. Salena Buoy, was not prepared and/or took little to no effort to become prepared on the topics of inquiry.  Specifically, Plaintiff states that Ms. Buoy did not adequately respond to questioning regarding Topic 8 (prior similar incidents); Topic 9 (third party contractors and snow removal); Topics 10(d), 10(f), 10(g): (identification of store employees); and Topic 11(i) (notice to delivery personnel).[1]

After the deposition and after Plaintiff's counsel submitted a detailed memorandum identifying how the designee was inadequately prepared, *see* Doc. 62 at 12-16, defense counsel refused to produce a supplemental witness, stating that further testimony would be "unnecessarily cumulative".  *Id.* at 3.  Defendant Walmart contends that its 30(b)(6) designee sufficiently addressed the topics provided by Plaintiff.  *See generally* Doc. 68.  Defense counsel argues that Plaintiff failed to adequately meet and confer on the instant motion, noting that during the deposition and on the record, Plaintiff's counsel demanded that Defendants produce a suitable alternate witness by the end of the week.  Doc. 68 at 2.  Defendants refused to provide a second 30(b)(6) designee and claim that Ms. Buoy sufficiently addressed Plaintiff's topics. Defendants additionally argue that further testimony on the topics would be unreasonably cumulative and duplicative to discovery already exchanged, and not proportional to the needs of the case.  *Id.*

In reply, Plaintiff narrows the Topics upon which relief is sought.  *See supra*, fn. 1. Plaintiff argues that she is not seeking a second deposition, as characterized by Defendants, but

---

[1] In her Reply, Plaintiff has narrowed the topics on which she seeks relief, and has withdrawn her request for supplemental testimony on Topics 11(g), 12(a), and 12(f).  Doc. 72 at 1.

rather seeks to complete the first one. *Id*. at 1. Plaintiff notes that Defendants did not seek a protective order prior to the 30(b)(6) deposition, but now improperly ask the Court to essentially impose scope limitations which were never sought. *Id.* at 5. Further, Plaintiff contends that Defendants' argument that a 30(b)(6) deposition would be cumulative to discovery already produced is misplaced, as the witness had not reviewed such discovery documents and did little to nothing to prepare. Additionally, Plaintiff notes that defense counsel attempts to circumvent the rule by providing counsel's unsworn representations, in lieu of providing a fully prepared 30(b)(6) witness. *Id*. at 7.

The issues presently before the Court are whether Defendants have complied with their discovery obligations under Rule 30(b)(6), and whether Plaintiff is entitled to a second deposition of Defendants' corporate representative. If the answer to this question favors Plaintiff, the Court also must consider whether Plaintiff is entitled to sanctions and/or costs.

## LAW ON RULE 30(b)(6) DEPOSITIONS

Rule 30(b)(6) allows a party to depose a corporation on topics noticed and described with reasonable particularity. Fed. R. Civ. P. 30(b)(6). The law establishes that corporations "have an 'affirmative duty' to make available as many persons as necessary to give 'complete, knowledgeable, and binding answers' on the corporation's behalf" to questions on noticed topics. *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1146 (10th Cir. 2007) (quoting *Reilly v. NatWest Mkt. Grp., Inc.*, 181 F.3d 253, 268 (2d Cir. 1999)). The purpose behind designating a witness to represent the corporation "is to prevent bandying, which is the practice of presenting employees for their depositions who disclaim knowledge of the facts known by other individuals within the organization." *Gulfstream Worldwide Realty, Inc. v. Philips Elecs.*

3

*N. Am. Corp.*, 2007 WL 5704041, at *4 (D.N.M. Oct. 24, 2007) (unpublished) (internal quotation marks and citation omitted).

A Rule 30(b)(6) designee, therefore, must testify based not solely on his personal knowledge of the noticed matters but also on "information known or reasonably available to the organization" as a whole. Fed. R. Civ. P. 30(b)(6); *see also United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C.), aff'd, 166 F.R.D. 367 (1996). This requirement amounts to "an affirmative obligation to educate himself as to the matters." *Peshlakai v. Ruiz*, No. 2014 WL 459650, at *22 (D.N.M. Jan. 9, 2014) (unpublished) (quoting *Concerned Citizens of Belle Haven v. Belle Haven Club,* 223 F.R.D. 39, 43 (D. Conn. 2004)). Consequently, it "requires a good faith effort … to find out the relevant facts—to collect information, review documents, and interview employees with personal knowledge." *United States v. Magnesium Corp. of Am.*, No. 2006 WL 6924985, at *4 (D. Utah. Nov. 27, 2006) (unpublished) (quoting *Wilson v. Lakner*, 228 F.R.D. 524, 528 (D. Md. 2005)). It may, and often does, extend to interviewing past employees, especially "where a corporation … no longer employs individuals who have memory of a distant event." *Taylor*, 166 F.R.D. at 361. *See also Berwind Prop. Grp., Inc. v Env't Mgmt. Grp.*, *Inc*, 233 F.R.D. 62, 65 (D. Mass. 2005); *Gulfstream Worldwide Realty, Inc.*, 2007 WL 5704041, at *4, 7; *Magnesium Corp. of Am.*, 2006 WL 6924985, at *4. "If it becomes obvious during the course of a deposition that the designee is deficient, the corporation is obligated to provide a substitute." *Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D. Neb. 1995).

A Rule 30(b)(6) designee, however, "is not expected to perform with absolute perfection." *Pogue v. Nw. Mut. Life Ins. Co.*, No. 3:14-CV-598-CRS, 2017 WL 3044763, at *8 (W.D. Ky. July 18, 2017) (unpublished) (citing *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 691 (S.D. Fla. 2012)). "The mere fact that a designee could not answer every

question on a certain topic does not necessarily mean that the corporation failed to comply with its obligation." *QBE Ins. Corp.*, F.R.D. at 691. Any expression of a lack of knowledge, however, "is itself an answer which will bind the corporation at trial." *Id.* at 690 (citations omitted).

## ANALYSIS

An analysis of whether Defendants' corporate representative met the requirements of Rule 30(b)(6) requires the Court to examine with some detail the topics of inquiry, their relation to the Plaintiff's claims, as well as the questions and answers as recorded in the deposition transcript.

Topic 8: Prior Similar Incidents

Plaintiff sought to obtain discovery on prior incidents (e.g. slip and falls, trip and falls, weather-related injuries, ice/snow-related incidents) that may have occurred at Walmart Store 3428's delivery dock area, as well as subsequent changes to policies and procedures, claims or lawsuits as a result of such incidents, and how such incidents were documented and tracked. *See* Doc. 68-2 at 5. The Court finds that this topic of inquiry is clearly relevant to Plaintiff's claims, given that Plaintiff alleges she suffered injuries pursuant to a slip and fall in the delivery dock area, and brings negligence and premises liability claims against Defendants. Doc. 1-1. Defendants objected to the topic as duplicative to Plaintiff's discovery requests, lacking relation to Plaintiff's claims, and lacking proportionality to the needs of the case. Doc. 68-2. Notwithstanding these objections, Defendants produced the witness for her deposition. When asked about such prior incidents, Ms. Buoy testified that she "didn't look into any similar incidents" and made "no effort" to learn whether any prior incidents occurred. *See* Doc. 62 at 29-30 (excerpts of 30(b)(6) deposition transcript).

Defendants claim that Plaintiff already has the information she seeks, that is, Defendants' written discovery response states that "this case is the only claim involving a slip and fall or 'weather-related injuries' at the delivery dock." Doc. 68 at 5 (citing Doc. 68-6 at 3). Defendants claim that Plaintiff offers no argument on why another deposition on Topic 8 is needed; Defendants state such second deposition would be unreasonably cumulative, duplicative, and not proportional to the needs of the case. Doc. 68 at 5.

The Court finds that deposition testimony on this topic is not unreasonably cumulative or duplicative, and Plaintiff's inquiry is proportional to her case. Plaintiff's case sounds in negligence, so Plaintiff is entitled to inquire, in discovery and at deposition, on issues relevant to these claims. The Court is especially concerned that the corporate representative made "no effort" to inform herself on Topic 8 prior to her deposition. While Defendants had already answered Plaintiff's Interrogatory 26, they are still obligated to comply with their discovery obligations as to a Rule 30(b)(6) deposition. *Pflughoeft v. Kansas and Oklahoma Railroad, LLC et al.*, 2023 WL 5672202, *14 (D. Kan. Sept. 1, 2023) ("Even assuming the interrogatories and 30(b)(6) topics overlap, the deposition testimony will allow Plaintiff to clarify or otherwise probe Defendants' interrogatory responses, which is not necessarily duplicative."). This they did not. Even assuming Ms. Buoy's answer would likely have been consistent with Defendants' earlier discovery answer, she is still obligated to prepare and answer the question. The Court finds Defendants have failed to produce a corporate representative who is adequately prepared on Topic 8, as required by the rules. Defendants must produce another witness who is fully prepared for questioning on Topic 8.

Topic 9: Third Party Contractors

6

Plaintiff claimed Ms. Buoy did not satisfactorily answer questions regarding third-party contractors (e.g. "AMF") which maintain the delivery dock area during inclement weather.  The Court finds that this topic appears relevant to Plaintiff's negligence claims against Defendant. *See* Doc. 1-1, Complaint (raising claims of Negligence, Negligent Training/Hiring/Supervision, and Premises Liability).  It is important for Plaintiff to know what responsibilities Walmart maintained, and which were the responsibilities of a third party.  Ms. Buoy's answers indicate that she did little if anything to review the third-party contract and could not speak to any of its details.  Doc. 62 at 23 (citing deposition transcript: "I don't know the contract details.").  Ms. Buoy explained that when snow or ice accumulates, the vendor typically will address it, but also noted that the store could submit a work order.  *Id*. at 24.  Regarding the incident involving the Plaintiff, Ms. Buoy was unable to state whether a plow was dispatched to the store, Doc. 62 at 25, or whether the third-party vendor AMF satisfied or failed to perform on the contract.  Doc. 62 at 26.  By not reviewing the third-party contract, Ms. Buoy was clearly unable to adequately answer questions on Topic 9.  The Court finds Defendants have failed to produce a corporate representative who is adequately prepared on Topic 9, as required by the rules.  Defendants must produce a fully prepared witness for questioning on Topic 9.

Topic 10(d), 10(f), 10(g): Employees and Personnel

By these subtopics, Plaintiff seeks information on store management hierarchy and chain of command, current employment status of all employees present, and the identity of store manager and assistant managers on the date of Plaintiff's fall.  Plaintiff complains that Ms. Buoy could not identify who was in charge on the day of the incident, who was responsible for receiving, or the chain of command, and when asked she consistently answered "No".  Doc. 62 at 26-28.  Defendants state that because the fall occurred in the delivery area, they had agreed to

7

produce a witness "to testify to the staff at the docking area…" Doc. 68 at 6. Defendants further responded that testimony regarding "hundreds of employees working in other areas of the store is irrelevant and not proportional" to the needs of Plaintiff's case.

The Court finds Plaintiff's requests to be relevant and proportional to the needs of her case. Store management hierarchy, the identities of store manager and assistant managers, and identities of employee(s) present in the delivery dock at the time of Plaintiff's fall is information that goes directly to Plaintiff's negligence claims. To the extent Plaintiff is seeking information regarding employees who were assigned to *other areas* of the store, the Court agrees with Defendants that such information is not relevant or proportional to the needs of this case. Defendants note that they have identified the sole employee working at the delivery dock area during the time of the fall, *see* Doc. 68 at 6 (noting that Jeremy Archuleta was the only employee working in the delivery dock area), but as noted above, Plaintiff is still entitled to inquire of the corporate representative the identities of this person and of store management. See *Pflughoeft*, 2023 WL 5672202, at*14. Ms. Buoy could not identify the chain of command because she made no effort to learn that information. Nor did Ms. Buoy make an effort to learn if any post-incident discipline occurred. Doc. 72 (citing Doc. 62 at 28). This is not acceptable and does not further the goals of the Federal Rules of Civil Procedure, which encourages the liberal exchange of information in the discovery process. *See Sanchez v. Matta*, 229 F.R.D. 649, 654 (D.N.M. 2004) (Browning, J.) ("The federal courts have held that the scope of discovery should be broadly and liberally construed to achieve full disclosure of all potentially relevant information. The Supreme Court has stated that the discovery rules 'are to be accorded a broad and liberal treatment,' and 'either party may compel the other to disgorge whatever facts he has in his possession.' " (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

Defendants must produce a prepared witness for further questioning on Topic 10.

Topic 11(i):  Notice to Delivery Personnel

By this Topic, Plaintiff seeks testimony on "[s]teps taken (or not taken) to provide actual notice to delivery personnel."  Yet, on questioning regarding this topic, the witness stated she "wouldn't know" whether any steps were taken to provide such notice.  Defendants aver in their response that Defendant Walmart does not maintain a practice of notifying delivery personnel of weather conditions."  Doc. 68 at 9-10.  The problem, as aptly noted by Plaintiff, is this averment is made by counsel in an unsworn filing, and not made by a corporate designee testifying under oath.  Plaintiff has a right to ask this question to the 30(b)(6) witness, even if the answer is identical to counsel's assertion.  Defendants must produce a prepared witness for further questioning on Topic 11(i).

## WHETHER PLAINTIFF ADEQUATELY COMPLIED WITH THE COURT'S MEET AND CONFER REQUIREMENTS

Defendants contend that Plaintiff did not adequately meet and confer after Defendants refused to agree to a second deposition.  Doc. 68 at 2.  Defendants also claim that Plaintiff's motion is procedurally improper, because Plaintiff failed to obtain leave of the court to depose a person who has already been deposed.  *Id.* at 12.  Defendants hinge their argument on the notion that Plaintiff is seeking a *second* Rule 30(b)(6) deposition, rather than the *completion* of the first. *Id.*  Plaintiff answers by setting forth the chronology of events that, according to Plaintiff, demonstrates her engagement in an attempt to resolve the dispute.  *See* Doc. 72 at 3.

The Court notes the following chronology:

March 9, 2026:        Plaintiff takes the 30(b)(6) deposition of Ms. Salena Buoy.  *See* Doc. 62 at 21-33.

|                   | Plaintiff's counsel notes on the record during the deposition that the witness' preparation and testimony is deficient, and seeks re-deposition of a properly prepared witness. *See* Doc. 68-3 at 10-11. |
|-------------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| March 10, 2026:   | Plaintiff's counsel sends email noting deficiencies of corporate designee's testimony and setting deadline of March 13 for Defendants to respond. Doc. 72-1 at 2. |
| March 11, 2026:   | Response email by Defendants, seeking extension of deadline in order to obtain transcript of deposition. Doc. 72-1 at 1. Plaintiff agrees to extension. Doc. 72 at 3. |
| March 23, 2026:   | Plaintiff's counsel sends detailed letter to defense counsel along with Citation Memorandum outlining deficiencies of 30(b)(6) deposition. Doc. 62 at 12-16. |
| April 1, 2026:    | Defense counsel responds to Plaintiff's letter, refusing to provide witness for follow-up deposition. Doc. 62 at 17-20. |
| April 3, 2026:    | Counsel engage in telephonic conference. Doc. 72 at 3. |
| April 7, 2026:    | Plaintiff files Motion to Compel. Doc. 62. |

On this record, the Court is satisfied that Plaintiff's counsel adequately met and conferred with opposing counsel regarding the dispute. The greatest delay in the timeline results from the completion and production of the transcript, a delay requested by the defense and consented to by the Plaintiff. Nevertheless, it is clear that there occurred a satisfactory conferral on the pending dispute. The Court denies Defendants' request to deny the instant motion for failing to confer or for any procedural impropriety.

## SANCTIONS

Rule 37 affords the Court broad discretion to sanction a party for unjustifiably resisting discovery. *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1320 (10th Cir. 2011). "In considering the imposition of sanctions, the [C]ourt must consider on a case-by-case basis whether a party's failure was substantially justified or whether other circumstances make the imposition of sanctions inappropriate." *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 646 (D. Kan. 1999) (citations omitted). In determining the appropriate sanction to impose, the Court must consider

10

the purposes that sanctions serve, which "include '(1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management.'" *Id.* at 647 (quoting *Resolution Trust Corp. v. Williams*, 162 F.R.D. 654, 660 (D. Kan. 1995)). "The sanction … imposed should be the least severe of those available, which appears adequate to deter and punish the wrongdoer." *Id.* (citing *White v. Gen. Motors Corp.*, 908 F.2d 675, 685 (10th Cir. 1990)).

For the purposes of Rule 37(d), "[p]roducing an unprepared witness [for a Rule 30(b)(6) deposition] is tantamount to a failure to appear at [this] deposition." *Herlihy*, 186 F.R.D. at 639 (quoting *Taylor*, 166 F.R.D. at 363; *see also Black Horse Lane Assoc. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3rd Cir. 2000); *Resolution Trust Corp. v. S. Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993). Courts, however, only sanction this functional nonappearance where it is done in bad faith, prejudices the opposing side, and disrupts proceedings. *See, e.g.*, *Live Face on Web, LLC v. Integrity Sols. Grp., LLC*, 421 F. Supp. 3d 1051, 1080 (D. Colo. 2019); *Berwind Prop. Grp.*, 233 F.R.D. at 65; *Herlihy*, 186 F.R.D. at 639–40; *Taylor*, 166 F.R.D. at 363.

The Court concludes that Defendants did not comply with their discovery obligations under Rule 30(b)(6). Despite having raised various objections to Plaintiff's topics prior to the deposition, Defendants did not seek a protective order or any other relief from the Court; rather, Defendants assented to the deposition, and in doing so were obligated to meet the requirements of the Rule. Instead, Defendants provided an unprepared corporate witness. Defendants have little basis to now claim foul when they opted to not pursue a timely remedy (i.e. seeking court intervention prior to the deposition). Defendants' conduct violates their obligations as established by Rule 30(b)(6) and amounts to bad faith conduct. *See Herlihy*, 186 F.R.D. at 639 ("Defendants […] have engaged in sanctionable misconduct by failing to adequately prepare

11

their representative for deposition."). Further, putting forward an unprepared witness has prejudiced the Plaintiff, who bore expenses related to the scheduling, preparation and taking of the deposition. The failure to comply with Rule 30(b)(6) also disrupts the instant proceedings, as the parties and now the Court have expended considerable resources in addressing the dispute.

The Court concludes sanctions are appropriate, and that the least severe sanction amounts to Defendants paying Plaintiff's costs of the 30(b)(6) deposition (both prior and upcoming) and her costs in bringing the instant motion. Such sanction is appropriate under the circumstances and appears adequate to deter and sufficiently punish Defendants.

THEREFORE, IT IS ORDERED that *Plaintiff's Motion to Compel Adequately Prepared Rule 30(b)(6) Designee* (Doc. 62) is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted to the extent Plaintiff seeks the deposition of a properly prepared corporate designee on Topics 8, 9, 10(d), 10(f), 10(g), and 11(i). The costs and expenses associated with this deposition will be borne by Defendants. Based on the Plaintiff's narrowing of her request, the motion is denied to the extent it sought further deposition testimony beyond Topics 8, 9, and 10(d), 10(f), 10(g), and 11(i).

IT IS FURTHER ORDERED that Plaintiff has 14 days from the date of this Order to file an affidavit outlining the expenses she incurred in connection with her Motion to Compel. Within 14 days after Plaintiff files her affidavit, Defendants may file any objections they have to the amount of fees Plaintiff requests. To avoid the expense of additional litigation, the Court encourages the parties to attempt to reach an agreement as to what is a reasonable fee amount. If the parties reach such an agreement, they should so note in their filings on this matter.

**IT IS SO ORDERED.**

_____

HON. JOHN F. ROBBENHAAR
United States Magistrate Judge