IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CYNTHIA LUCERO,
     Plaintiff,

     v.                       No. 25-cv-00870

WALMART, INC., WALMART
ASSOCIATES, INC., WALMART
STORE NO. 3428, AND JOHN DOES 1-10,
     Defendants.

**<u>ORDER DENYING</u>**
**<u>PLAINTIFF'S MOTION TO COMPEL DEFENDANTS'</u>**
**<u>SUPPLEMENTAL ANSWER TO INTERROGATORY 21</u>**

Before the Court is *Plaintiff's Motion to Compel Defendants' Supplemental Answer to Interrogatory No. 21* (Doc. 66). In Doc. 66, Plaintiff seeks supplementation by Defendants as to Interrogatory 21, which seeks the identities of all Walmart employees on duty in the delivery dock and receiving area of the store. Doc. 66 at 1. Defendants have answered the motion (Doc. 74), and the Court finds a reply is not necessary. Having carefully considered the motion, the Court determines that Plaintiff's motion to compel should be **DENIED.**

Plaintiff served Interrogatories and sought to discover from Defendants the identities of all Walmart employees on duty in the delivery dock and receiving area of Store 3428 during the morning delivery hours of January 20, 2023, by name, position, and current employment status. *See* Doc. 66 at 1 (citing to Interrogatory 21 ("ROG 21")).[1] Plaintiff now asks the Court to

---

[1] Plaintiff notes that she narrowed the scope of her interrogatory as originally written. ROG 21 had requested Defendants to "[i]dentify all employees present at the subject facility during the subject incident", which the Court found overly broad and not proportional to Plaintiff's claims. Doc. 66 at 2-3. Now, Plaintiff seeks the names, positions and current employment status of employees on duty in the delivery dock area during the morning delivery hours of January 20, 2023, the morning of Plaintiff's slip and fall. *Id.* at 1.

1

compel Defendants to supplement their answer to ROG 21 because video evidence demonstrates that other Walmart employees were in the delivery area, despite Defendants having not identified more than a single employee.  Doc. 66 at 2.

Defendants have responded, and argue they have fully answered Plaintiff's interrogatory, by identifying Jeremy Archuleta as the sole employee assigned to the delivery area on the date of the incident.  Doc. 74 at 2.  Indeed, Defendants stress that they have "consistently advised Plaintiff of the same throughout the informal discovery dispute process, and expressly stated in the parties' joint discovery dispute statement that 'there were no other employees present in the delivery dock area at the time of the incident.'"  *Id.* (citing Doc. 74-3 at 4).  Notwithstanding this answer, Plaintiff continues to insist other individuals were present in the delivery area, and points to video evidence to suggest as much.  Defendants contend that Plaintiff's screen shots of a second individual merely show that person briefly returning a cart near the delivery area door before leaving the area, but does not show this second person performing any work in the delivery area.  Doc. 74 at 3.  Defendants have not located nor produced any records showing another employee working alongside Jeremy Archuleta.  *Id.*  Additionally, Defendants note that Plaintiff testified in her deposition that she did not see anyone other than Mr. Archuleta in the area, and that no other Walmart employee witnessed the slip and fall.  Plaintiff did confirm that she reported the incident only to Mr. Archuleta.  *Id*.

## LAW ON DISCOVERY AND SUPPLEMENTATION

The federal rules permit parties to discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  Fed. R. Civ. P. 26(b)(1).  The factors that bear upon proportionality are: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the

parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. The scope of discovery under Rule 26 is broad. *See Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) ("the scope of discovery under the federal rules is broad").

Relevancy is a guiding consideration in discovery and should be " 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *See State Farm Mutual Auto. Ins. Co. v. Fayda*, No. 14-9792, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) (Francis IV, M.J.) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). A party resisting discovery must establish a lack of relevance by demonstrating that the requested discovery falls beyond Rule 26's scope of relevance; conversely, when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request. *See Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006). A court must strive to eliminate unnecessary and wasteful discovery and identify a party's actual need for the sought information. "[B]road discovery is not without limits[,] and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez*, 50 F.3d at 1520 (internal quotation marks omitted).

Regarding a party's duty to supplement, Rule 26(e) states:

> (1)    In General.   A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>    (A)  in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing;"

3

Fed.R.Civ.P. 26(e). Thus, if it becomes known to a party that "in some material respect" a prior response to an interrogatory "is incomplete or incorrect", that party must supplement or correct its disclosure. Rule 37 authorizes a court to order a party to answer an interrogatory. *See* Fed.R.Civ.P. 37(a)(3)(B)(iii). Failure to do so may result in sanctions, depending on whether the other party suffered prejudice and, if so, whether such prejudice was curable, whether court proceedings were disrupted, and whether there is evidence of bad faith. *See New Mexico ex rel. Balderas v. Real Estate Law Center, P.C.*, 409 F.Supp.3d 1122, 1146 (D.N.M. 2019).

## ANALYSIS

Plaintiff argues that "evidence developed" since the Court conducted a telephonic discovery dispute conference in February 2026 that demonstrates that Defendants' answer to ROG 21 is incomplete. Plaintiff includes a screenshot of video footage—provided by Defendants—that purportedly shows more than a single Walmart employee present in the delivery area on the date in question. Defendants previously had answered that only a single employee was assigned to the area, so Plaintiff argues the video demonstrates this answer is incorrect.

Defendants argue that the screenshot shows two Walmart employees but it is misleading, as the second employee was present because he was just returning a cart to the area; this other employee was not assigned to work in that area and did not remain there. Defendants insist they have repeatedly informed Plaintiff that only one employee was working in the delivery area on the date of Plaintiff's slip and fall, and note that even Plaintiff confirms this, recalling under oath that she saw a single individual and no one else. Defendants argue further that Plaintiff's request is not proportional to the needs of her case.

4

The Court finds that Defendants have complied with their discovery obligations, and have not failed to properly supplement as claimed by Plaintiff.  Defendants have identified the sole Walmart employee who was working in the delivery area on the date of Plaintiff's slip and fall, have consistently denied any other employees were working in that area, and explain that a second Walmart employee seen on video was simply returning a cart but did not remain in the area.  Moreover, other witnesses could not identify any other employee in the delivery area other than Jeremy Archuleta.  *See* Doc. 66 at 23 (witness Salena Buoy testifying under oath she could not identify any other employee present other than Mr. Archuleta); Doc. 66 at 28 (witness Brandon Wood stating under oath that he can't confirm that Mr. Archuleta was working in receiving).  While Plaintiff is quick to suggest that Defendants are hiding information, the Court sees no evidence of such malintent and finds Plaintiff has failed to meet his burden.  *See Carlson v. Colorado Ctr. For Reprod. Med., LLC*, 341 F.R.D. 266, 275 (D.Colo. 2022) (a party moving to compel discovery responses under Rule 37 "must prove that the opposing party's answers are incomplete.") (citation omitted).

The Court also strains to see the relevance of the identity of this unknown, phantom employee, given the nature of this straightforward slip and fall case, and given the fact that *Plaintiff has testified* that no one other than Jeremy Archuleta witnessed the incident.  *See* Doc. 74-6 at 3-4.  It is clear to the Court that Plaintiff has obtained all the information to which she is entitled related to ROG 21.  The identity of the individual who had passed through the area but didn't remain, and who was not present at the time of Plaintiff's fall, bears no relevance to Plaintiff's negligence claims.  While Plaintiff is afforded a fairly wide net in discovering evidence, she is not entitled to a generalized fishing expedition in hopes that something useful will turn up.  *Gomez*, 50 F.3d at 1520 (internal quotation marks omitted) (a court must strive to

5

eliminate unnecessary and wasteful discovery and identify a party's actual need for the sought information; "[B]road discovery is not without limits[,] and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant.").

Lastly, the matters sought in ROG 21 previously came before the Court in an informal dispute conference, at which time Defendants objected to overbreadth, relevance, and lack of proportionality. The Court sustained this objection, so Plaintiff narrowed the scope of her interrogatory. Now, despite Defendants consistently saying over the past two months that there is nothing more to produce, *see* Doc. 74 at 2 (outlining meet and confer process on ROG 21), Plaintiff spends much time and energy chasing information that, even if it exists, has questionable relevance to her claims. In doggedly pursuing this matter, Plaintiff loses sight of the forest from the trees. Sometimes, one has to accept there is no there, there. The Court denies Plaintiff's motion, and cautions Plaintiff about litigating matters that are neither relevant nor proportional to her case.

IT IS ORDERED that *Plaintiff's Motion to Compel Supplemental Answer to Interrogatory No. 21* (Doc. 66) is **DENIED**.

**IT IS SO ORDERED.**

_____
HON. JOHN F. ROBBENHAAR
United States Magistrate Judge

6